|    |      |
|----|------|
| 9  | 533  |
| 44 | 524  |
| 9  | 533  |
| 45 | 303  |

## S. L. CHORN *v.* JOHN MERRILL and ELIZABETH BRACKIN.

The obligation contracted by one whose name was subsequently placed on the back of the note wh'ch
the payee had not endorsed, is not that of an endorser under the commercial law, but of an ordi-
nary surety, and he cannot avail himself of the want of notice.

When the appeal is evidently taken for delay, the appellant is liable in damages.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
    *Bennet*, for plaintiff. *Purvis & Dugué*, for defendants and appellants.

OGDEN, J. The defendant, *Merrill*, who is the maker of the note sued on,
has no other defence except the allegation, unsustained by evidence, that the
note is the property of another person. The appeal therefore on his part, must
be considered as frivolous.

The other defendant, Mrs. *Brackin*, is sued as endorser, and pleads want of
notice to her of the non-payment of the note.

This defence cannot avail, because in the form in which her name appears on
the note, her obligation was that of a surety. The note is made payable to the

CHORN
v.
MERRILL ET AL.

order of the plaintiff, and not having been endorsed by him, the obligation contracted by one whose name was subsequently placed on the back of the note, was not that of an endorser, under the commercial law, but of an ordinary surety. *Cooley* v. *Lawrence,* 4 Mart. 640.    10 L. R. 376.

The plaintiff has stated in his petition, all the facts necessary to establish the liability of this defendant as, under the circumstances, it is fixed by law, and his right to a judgment is not impaired by having mistaken the nature of the obligation of defendant, and having alleged more than it was necessary to prove.

It is therefore ordered and adjudged, that the judgment of the court below be affirmed, with costs and ten per cent. damages, to wit, $40, against the defendant, *J. Merrill,* for a frivolous appeal.